IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMMARO PERKINS,**
**No. 07580-025,**

**Petitioner,**

vs.                                         Case No. 16-cv-1114-DRH

**USA,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Satellite Camp at the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He is serving a 180-month[1] sentence for possession with intent to distribute crack cocaine and marijuana, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking crime. *United States v. Perkins*, Case No. 05-cr-30137-DRH (S.D. Ill.); *aff'd*, *United States v. Perkins*, 548 F.3d 510 (7th Cir. 2008); *see also Perkins v. United States*, Case No. 10-cv-104-DRH (28 U.S.C. § 2255 proceeding) (Doc. 16). The sentence was imposed on September 28, 2007, following a jury trial. (Doc. 74 in criminal case).

---

[1] The original 210-month sentence was reduced in 2015 to 180 months pursuant to Petitioner's motion filed following amendment of the sentencing guidelines for crack cocaine. (*See* Docs. 111, 112 in criminal case).

1

In the present action, Petitioner challenges only his "possession of a firearm in furtherance" conviction under 18 U.S.C. § 924(c)(1)(A). He contends that this conviction is invalid under *Bailey v. United States*, 457 U.S. 137, 143 (1995), and that he is therefore actually innocent of the offense. In his one-page pleading, Petitioner does not describe any of the facts relating to his conviction, but argues that "mere possession" of a weapon, without a showing that the weapon was actually used in furtherance of the crime, is insufficient to sustain a conviction under § 924(c). He cites cases noting that a court must consider factors including whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the gun was found. (Doc. 1, p. 1).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

### Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide

2

federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Because Petitioner herein is attacking the validity of his sentence, a § 2255 motion is the proper avenue for relief. In 2010, Petitioner in fact brought a motion pursuant to § 2255, but did not succeed in that challenge. *Perkins v. United States*, Case No. 10-cv-104-DRH.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner

3

under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner fails to meet these conditions. The cases he invokes to support his argument were all decided prior to his 2007 conviction: *Bailey v. United States*, 457 U.S. 137, 143 (1995); *United States v.* Combs, 369 F.3d 925 (6th Cir. 2004); *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001); and *United States v. Feliz-Cordero*, 859 F.2d 250 (2d Cir. 1988). Thus, none of these cases qualifies as a "new" case that was unavailable to Petitioner in his earlier challenges to his conviction. Not only could Petitioner have raised any of these

cases in his § 2255 motion, he could have brought an argument based on these authorities during his jury trial and on his direct appeal. Finally, Petitioner puts forth no argument or authority to demonstrate a "fundamental defect" in his conviction or sentence. For these reasons, the § 2241 petition is subject to dismissal.

## Disposition

To summarize, Petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)

may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 8th day of February, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.02.08
13:31:27 -06'00'

**United States District Judge**